FLORENCE. T. NAKAKUNI (2286)
United States Attorney
Derrick K. Watson (Cal. Bar No. 154427)
Assistant United States Attorney
District of Hawaii
300 Ala Moana Boulevard
Room 6-100
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752

CAROLINE A. NEWMAN
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:  (202) 305-2558
Facsimile:  (202) 307-0054
Email:  Caroline.A.Newman@usdoj.gov
Western.TaxCivil@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. No. 1:10-cv-00706-ACK-KSC |
| Plaintiff, | ) | |
| v. | ) | FINDINGS & RECOMMENDATION |
| ROY S. ODANI, GAIL T. ODANI, | ) | TO GRANT THE UNITED STATES' |
| UNIFUND CCR PARTNERS, LLC, | ) | MOTION FOR DEFAULT JUDGMENT |
| GLA, INC., | ) | AGAINST ALL DEFENDANTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**

Before the Court is the United States' motion for default

judgment against all defendants filed on July 15, 2011.  (Dkt.

#20-23.)  No defendant has responded to the motion.  The matter

7341540.1

was heard on September 1, 2011, with Caroline A. Newman, Esq. appearing by telephone for the Government. No defendant appeared at the hearing. (Dkt. #28.) After careful consideration of the Motion, supporting documents, the hearing on the matter, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion be GRANTED for the reasons set forth below.

**BACKGROUND**

Roy S. Odani failed to file federal income tax returns for the years 1994, 1995, 1996, 1997, and 2000. On March 10, 2003, and August 4, 2003, a duly authorized delegate of the Secretary of Treasury made federal income tax assessments against Roy S. Odani for his federal tax liabilities for those tax years. (See Dkt. #1, Complaint ¶15.) Timely notice was given and demand made for payment of these assessments upon defendant Roy S. Odani as required by 26 U.S.C. § 6303. (Id. at ¶16.) Despite notice of the assessments and demand for payment, Roy S. Odani has neglected, refused, or failed to pay the assessments against him. (Id. at ¶17.)

In order to collect upon this outstanding debt, on November 30, 2010, the United States filed its complaint initiating this suit. (Id.) The suit seeks to reduce the federal tax assessments against Roy S. Odani to judgment. At the time the Government filed the complaint, it asserted that there was due

7341540.1

and owing the sum of $50,198.37 for these tax assessments, plus statutory interest and other additions running from December 31, 2009. (Id. at ¶17.) The Government now asserts that the total amount that Roy S. Odani owes for the assessments described above, calculated through August 31, 2011, is $53,524.72. (Dkt. #20, p. 12-14.) However, interest continues to be compounded daily according to 26 U.S.C. § 6622 until the outstanding balance is paid in full.

The Complaint also seeks to foreclose the federal tax liens upon Roy S. Odani's interest in the real property identified in paragraphs nine (9) through thirteen (13) of the complaint ("the subject property"), which he owns with his sister, Gail T. Odani, as joint tenants. The Odanis inherited this property from their mother upon her death. Specifically, on September 5, 2004, the Odanis' mother, Doris Odani, died. (Dkt. #1, Complaint ¶10.) Prior to her death, Doris Odani was the fee simple owner of the real property at issue. (Id.) Gail T. Odani was appointed the personal representative of the estate of Doris Odani in the probate proceedings. (Id.) On March 16, 2006, a Personal Representative's Deed dated February 10, 2006, transferring title of the real property at issue to Roy S. Odani and Gail T. Odani, as joint tenants, was recorded at the Bureau of Conveyances, Registrar of Conveyances, Assistant Registrar, Land Court, State of Hawaii, Document No. 3404623, Cert. No. 264,593, Issuance of

Cert. No. 797,345. (Dkt. #1, Complaint ¶11.)

On June 9, 2009, and in accordance with 26 U.S.C. § 6323(f), the Internal Revenue Service filed a Notice of Federal Tax Lien, relating to the federal tax assessments against Roy S. Odani, and recorded it at the Bureau of Conveyances, Registrar of Conveyances, Assistant Registrar, Land Court, State of Hawaii, Document No. 2009-088354. (Id. at ¶20.)

In addition to the United States' federal tax lien, there are other encumbrances on this property. On June 30, 2008, a judgment in favor of Unifund CCR Partners, LLC, and against Gail T. Odani in the amount of $4,769.02, was recorded at the Bureau of Conveyances, Registrar of Conveyances, Assistant Registrar, Land Court, State of Hawaii, Document No. 3764495, Cert. No. 797,345. (Id. at ¶12.) On June 30, 2008, a judgment in favor of GLA, Inc., and against Gail T. Odani in the amount of $6,040.76, was recorded at the Bureau of Conveyances, Registrar of Conveyances, Assistant Registrar, Land Court, State of Hawaii, Document No. 3404623, Cert. No. 797,346. (Id. at ¶13.)

The Government asserts that its liens attach to the subject property and that it is entitled to sell the subject property to enforce its liens. (Dkt. #20, p. 14-15.)

All defendants are in default. On December 10, 2010, the United States served a summons and a copy of the Complaint on Unifund CCR Partners, LLC. (Dkt. #4.) On December 15, 2010, the

United States served a summons and a copy of the Complaint on GLA, Inc. (Dkt. #3.) Neither of these defendants timely served an answer and, upon motion by the United States, the Clerk entered a default against each of them. (Dkts. #5, 9.) To date, neither Unifund nor GLA have filed an answer or otherwise appeared in this matter, nor have they moved to set aside the entry of default against them.

Defendants Roy S. Odani and Gail T. Odani were served with summonses and copies of the Complaint on January 28, 2011. (Dkt. #6.) On February 28, 2011, the Court held a Rule 16 Scheduling Conference at which Roy S. Odani (Gail T. Odani's brother) appeared in person and Caroline A. Newman, on behalf of the United States, appeared by phone. (Dkt. #12.) The Court ordered Roy S. Odani to file an answer by March 8, 2011. (Dkt. #12.) Neither Odani timely filed an answer and, upon motion by the United States, the clerk entered a default against each of them. (Dkt. #15.) To this day, the Odanis have not served an answer or any other responsive pleading in this matter, they have not moved to set aside the entry of default against them, and they did not appear at the hearing on this matter.

While Roy S. Odani was in default, the United States served him with written discovery, including Requests for Admission. (See Dkt. #16-1, Newman Decl. ¶2, Ex. A.) Roy S. Odani did not

respond.  (See Dkt. #16-1, Newman Decl. ¶3, Ex. B.)[1]

The Government filed this motion for entry of default judgment on July 15, 2011.  (Dkts. #20-23.)  The default judgment would: (1) reduce the federal income tax assessment against Roy S. Odani for the 1994, 1995, 1996, 1997, and 2000 tax years to judgment; (2) determine that the United States federal tax liens are foreclosed upon the subject property; (3) extinguish any interest that Gail T. Odani, GLA, Inc. and Unifund CCR Partners, Inc. may have in the subject property; and (4) preclude Gail T. Odani, GLA, Inc. and Unifund CCR Partners, Inc. from objecting to the Government's right to foreclose its federal tax liens against the subject property and obtain an order to sell the subject property.  The Government argues that the merits of its claim to reduce the federal income tax assessment against Roy S. Odani and its foreclosure claim, as well as the sufficiency of the Complaint, weigh in favor of issuing default judgment.

Congress has authorized the IRS to collect outstanding tax liabilities.  Pursuant to 26 U.S.C. § 7402(a), the United States can bring an action to obtain a judgment in order to enforce the internal revenue laws.  Pursuant to 26 U.S.C. § 7403(a), where the taxpayer refuses or neglects to pay his federal taxes, the

---

[1] The United States filed a motion to compel responses to its discovery against Roy S. Odani.  (Dkt. #16.)  Because the Court is recommending entry of default judgment, it denied the motion to compel as moot without prejudice.  (See Order, Dkt. #28.)

7341540.1

United States can bring a civil action in federal court to enforce a tax lien or to subject a taxpayer's property to payment of such federal taxes. Section 7403(b) requires the United States to name as defendants all persons who have an interest in, or a lien upon, the property at issue. Section 7403(c) provides that, after all parties have been notified of the action, the court shall determine the merits of all claims to and liens upon the property. Where the United States establishes its interest in the property, the court can direct a sale of the property.

The Government argues that it has complied with the statutory requirements and that it is entitled to a judgment against Roy S. Odani for the outstanding federal income taxes he owes and to a foreclosure of its federal tax liens and a sale of the subject property. (Dkt. #20, p. 16-19.)

The Government argues that is entitled to a judgment against Roy S. Odani because not only has his failure to appear and plead against the claims in the Complaint and failure to respond to Requests for Admission led to admissions of the matters contained therein, but also because it has submitted sufficient additional evidence to support the amount it claims Roy S. Odani owes the Government. (Dkt. #20, p. 16-19.) Specifically, the Government contends that the submission of a Certificate of Assessments and Payments (IRS Form 4340) for the tax year at issue is the proper means of establishing the facts of the administrative assessment,

and notice and demand for payment, as well as the dates, the amounts, and the bases for the assessment of tax and penalties for each tax year.  In addition, the Government argues that the submission of the declaration of an IRS Revenue Officer Ryan Dias with attached computer printouts which contain breakdowns of the tax, penalties, and interest, as well as a calculation of the accrued interest for income tax liabilities for each period, provides sufficient evidence of the assessed balance as well as accruals, calculated through August 31, 2011, including application of any payments or credits.  (Dkt. #20, p. 16-19.)

    The Government also argues that it would be prejudiced if the interests of Gail T. Odani, GLA, Inc. and Unifund CCR Partners, Inc. in the subject property are not extinguished because the United States would not be able to sell the subject property.  (Dkt. #20, p. 19-20.)  The Government argues that the potential prejudice to it, and to the other parties, weighs in favor of granting default judgment.  The Government notes that it is not seeking damages against Gail T. Odani, GLA, Inc. and Unifund CCR Partners, Inc. and that the extinguishment of any interest in, and record title to, the subject property of both GLA, Inc. and Unifund CCR Partners, Inc. would not affect any amount Gail T. Odani may owe them.  The Government therefore argues that the amount at issue also weighs in favor of granting default judgment.  The Government contends that default judgment

7341540.1

is also warranted because there is no possibility of a dispute over the material facts in this case. (Dkt. #20, p. 19-20.) The factual allegations of the Complaint are presumed to be true and Gail T. Odani, GLA, Inc. and Unifund CCR Partners, Inc. have never appeared in this case. (Dkt. #20, p. 21-22.)

The Government also argues that default judgment is appropriate because no defendants' default was the result of excusable neglect. (Dkt. #20, p. 22-23.) Although many months has elapsed since the defendants were properly served and their answer or other responsive pleading was due, none of them has ever filed a response to the Complaint. Moreover, Roy S. Odani appeared in person at the Rule 16 hearing. Thus, all defendants had knowledge of the proceedings but failed to respond and there is nothing in the record indicating that this was the result of excusable neglect.

Finally, the Government acknowledges that there is a strong policy favoring decisions on the merits, but the Government argues that the defendants had ample opportunity to respond and failed to do so. It would be unfair to penalize the Government on its claim to reduce the income tax assessment to judgment and to all of the other non-defaulting parties by jeopardizing the sale of the subject property. The Government therefore argues that, on balance, all of the relevant factors weigh in favor of granting default judgment. (Dkt. #20, p. 23-24.)

///

**DISCUSSION**

A.  <u>Legal standard for default judgment</u>.

Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed. R. Civ. P. 55(a). "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (<u>quoting</u> <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977)). The Court has discretion whether to enter default judgment. <u>See</u> <u>Lau Ah Yew v. Dulles</u>, 236 F.2d 415 (9th Cir. 1956). In <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court identified seven factors that districts court may consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

<u>Id.</u> at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." <u>PepsiCo, Inc. v. Triunfo-Mex, Inc.</u>, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in

the complaint are taken as true.  See <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002); <u>Geddes</u>, 559 F.2d at 560.  The plaintiff, however, must establish the relief to which it is entitled.  See <u>Pope v. United States</u>, 323 U.S. 1 (1944); <u>Fair Housing of Marin</u>, 285 F.3d at 906.

The Government has diligently litigated the instant case and it will be prejudiced if judgment is not entered in its favor on its claim to reduce the federal income tax assessments against Roy S. Odani to judgment.  The Court also finds that the Complaint sufficiently alleges substantive claims which concern a modest amount of money.  In addition to the fact that the well-pleaded allegations of the Complaint are taken as true, the Government has submitted sufficient additional evidence to prove the amount due and owing from Roy S. Odani.  Specifically, the Government has submitted an IRS Form 4340 for the 1994, 1995, 1996, 1997, and 2000 tax years, which is the proper means of establishing the facts of the administrative assessment, amounts of the assessments, and notice and demand for payment.  See <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993) (Forms 4340 are proof that proper notices are sent); <u>Hughes v. United States</u>, 953 F.2d 531, 539-40 (9th Cir. 1991) (Forms 4340 qualify as a public record under Fed. R. Evid. 803(8)).  Further, this IRS Form 4340 is self-authenticating as a public document under seal and as a certified copy of an official document.  See Fed.

R. Evid. 902(1) and (4).  The Government also has properly established the accruals through the Declaration of IRS Revenue Officer Ryan Dias, and the attachments thereto.  Accordingly, judgment should be entered against Roy S. Odani and in favor of the United States for unpaid federal income taxes (Form 1040) for the 1994, 1995, 1996, 1997, and 2000 tax years, calculated through August 31, 2011, in the amount of $53,524.72, with statutory additions accruing according to law until paid in full, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621.

The Court further finds that the Government will be prejudiced if GLA, Inc.'s and Unifund CCR Partners, Inc.'s interests in the subject property are not extinguished and Gail T. Odani, GLA, Inc.'s and Unifund CCR Partners, Inc.'s are not precluded from objecting to the Government foreclosing its federal tax liens against the subject property.  The Court also finds that the Complaint sufficiently alleges substantive claims which concern a modest amount of money.  Further, in light of the fact that Gail T. Odani, GLA, Inc.'s and Unifund CCR Partners, Inc. have never appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that their default was due to excusable neglect.

This Court therefore finds that <u>Eitel</u> factors (1) through (6) weigh in favor of granting the Motion.  The only factor that weighs against granting the Motion is the strong policy favoring

decisions on the merits. But, on balance, this factor is outweighed by the remaining factors that favor a default judgment in this case.

Having considered all of the relevant factors, this Court FINDS that default judgment against Roy S. Odani on Claim I in the Complaint and against all defendants on Claim II in the Complaint is warranted. This Court therefore RECOMMENDS that the district judge:

(1) issue judgment in favor of the Government and against Roy S. Odani in the amount of $53,524.72, calculated through August 31, 2011, with statutory additions accruing according to law until paid in full;

(2) issue an order finding that the federal tax liens encumbering the subject property are foreclosed as against the interest of Roy S. Odani;

(3) issue an order extinguishing the interests, if any, of Gail T. Odani, GLA, Inc.'s and Unifund CCR Partners, Inc. in the subject property thereby precluding them from objecting to a foreclosure of the federal tax liens against the subject property by the Government in this case;

(4) issue an order requiring the Government to submit a proposed order of judicial sale of the subject property.

///

///

7341540.1

**CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that the United State's Motion for Default Judgment Against All Defendants, filed July 15, 2011, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 13, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge